## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEHLE HARRIS, and DAVID ELLIOT individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EVONIK CORPORATION, PRESIDENT OF EVONIK CORPORATION, BOARD OF DIRECTORS OF EVONIK CORPORATION, EVONIK INVESTMENT COMMITTEE, and JOHN DOES 1-30.<br>Defendants. | Case No.: 2:20-cv-02202 (MCA(MAH)<br><br><br>Honorable Madeline Cox Arleo<br>United States District Judge<br><br>Honorable Michael A. Hammer<br>United States Magistrate Judge<br><br>CLASS ACTION |

## STIPULATION AND [PROPOSED] ORDER REGARDING CLASS CERTIFICATION

Plaintiffs, Stehle Harris and David Elliott (collectively, "Plaintiffs"), and Defendants Evonik Corporation, President of Evonik Corporation, Board of Directors of Evonik Corporation, and Evonik Investment Committee ("Defendants," and together with Plaintiffs, the "Parties"), by and through their attorneys of record, respectfully submit the foregoing stipulation and proposed order regarding class certification:

1.     On February 28, 2020, Plaintiffs Rhonda Allen and David Elliot filed the original class action complaint.  ECF No. 1

2.     Defendants moved to dismiss the original complaint, and this Court granted in part and denied in part Defendants' motion on December 30, 2020.  ECF No. 25.

3.     Plaintiffs filed the Amended Class Action Complaint on December 7, 2022.  Dkt. 46.

4.      On November 7, 2022, Plaintiffs filed their Motion for Class Certification.  ECF Nos. 65 and 66.

5.      In order to conserve the Parties' and the Court's resources and avoid unnecessary motion practice, the Parties met and conferred and agreed to stipulate that a class shall be certified to pursue the claims alleged in the Complaint (ECF No. 1).  The parties agree that the class shall be defined as:

> All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between February 28, 2014 through the date of judgment (the "Class Period")

6.      For the reasons explained in Sections IV(C) through (D) of the Memorandum of Law in Support of Plaintiffs' Motion for Class Certification (ECF No. 66), the Parties agree that the requirements of Federal Rule of Civil Procedure 23 are currently satisfied.

7.      The Parties also agree that nothing in this Stipulation shall be deemed to abandon or limit any claim or defense including, but not limited to, Defendants' defenses related to Plaintiffs' standing to assert their claims and/or the impact of releases executed by putative class members during the Class Period regarding  any potential recovery by the class and/or the Plan.

8.      This Stipulation is without prejudice to any Party's ability to seek relief under Rule 23(c)(1)(C) at any time before final judgment, based on a good-faith belief that, because of changed circumstances or new information, the Class no longer satisfies the requirements of Rule 23(a)(b)(1).

9.      Class certification has been granted in ERISA cases involving defined contribution plans in the Third Circuit and around the country.  *See* ECF No. 66 at 1-2 & n.3.

10.      Similar stipulations regarding class certification also have been approved in other ERISA cases involving defined contribution plans. *Johnson v. The PNC Financial Servs. Grp.,*

*Inc.*, No.2:20-cv-1493-CCW, Dkt. No. 80 (W.D. Pa. Sept. 16, 2022); *Cunningham v. Wawa, Inc.*, 387 F.Supp. 3d 529 (E.D. Pa. 2019); *In re Biogen ERISA Litig.*, No. 20-cv-11325, Dkt. No. 104 (D. Mass. Nov. 8, 2022); *Moitoso v. FMR LLC*, No. 1:18-cv-12122, Dkt. No. 83 (D. Mass. May 7, 2019); *Velazquez v. Mass. Fin. Srvs. LLC*, No. 1:17-cv-11249, Dkt. No. 94 (D. Mass. June 25, 2019); *Wehner v. Genentech, Inc.*, No. 3:20-cv-06894-RS, Dkt. No. 98 (N.D. Cal. Sept. 22, 2022); *In re Medstar ERISA Litig.*, No. 1:20-cv-01984-DLB, Dkt. 64 (D.Md. July 12, 2022); *Feinberg v. T. Rowe Price Group, Inc.*, No. 1:17-cv-00427, Dkt. 83 (D. Md. May 17, 2019); *Reetz v. Lowe's Cos., Inc.*, No. 5:18-cv-00075, Dkt. 97 (W.D.N.C. Nov. 5, 2020); *Pledger v. Reliance Tr. Co.*, No. 1:15-cv-4444, Dkt. No. 101 (N.D. Ga. Nov. 7, 2017).

**AGREED TO BY:**

**CAPOZZI ADLER**

*/s/  Mark K. Gyandoh*
Mark K. Gyandoh
N.J. Bar ID: 025622001
312 Old Lancaster Road
Merion Station, PA 19066
Tel: (610) 890-0200
Fax (717) 233-4103
Email: markg@capozziadler.com

***Attorney for Plaintiffs and Putative Class***

**JACKSON LEWIS P.C.**

*/s/  Carla D. Macaluso*
Carla D. Macaluso
N.J. Bar ID No. 018141996
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
Telephone: (908) 795-5200
Facsimile: (908) 464-2614
Carla.Macaluso@jacksonlewis.com

Howard Shapiro*
Stacey C.S. Cerrone*
Lindsey H. Chopin*
650 Poydras Street, Suite 1900
New Orleans, LA 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759
Howard.Shapiro@jacksonlewis.com
Stacey.Cerrone@jacksonlewis.com
Lindsey.Chopin@jacksonlewis.com

***Attorneys for Defendants***

*Admitted Pro Hac Vice.

**So Ordered:**

**Dated:**

_____

**Honorable Madeline Cox Arleo**
4867-8558-4961, v. 1